UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SOUTHWESTERN BELL )
TELEPHONE, L.P., et al., )
 )
        Plaintiffs, )
 )
    vs. )      No. 4:04-CV-1303 (CEJ)
 )
VARTEC TELECOM, INC., et al., )
 )
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to vacate the stay the Court entered in deference to the primary jurisdiction of the Federal Communications Commission (FCC). During the pendency of the stay, plaintiffs dismissed the action with respect to defendant VarTec Telecom, Inc. The remaining defendants -- UniPoint[1] and Transcom[2] -- oppose plaintiffs' motion to vacate.

### I. Background

Plaintiffs are ten Local Exchange Carriers (LECs) that provide telecommunication services. The UniPoint and Transcom defendants are Least Cost Routers (LCRs); they transmit long-distance telephone traffic in Internet Protocol (IP) format in conjunction with dismissed defendant VarTec Telecom, Inc. Plaintiffs allege

---

[1] UniPoint Enhanced Services, Inc. (d/b/a PointOne), UniPoint Services, Inc., and UniPoint Holdings, Inc.

[2] Transcom Enhanced Services, Transcom Communications, Inc., and Transcom Holdings, LLC.

that the defendants use "IP-in-the-middle" technology to evade paying access charges due under state and federal tariffs.

Plaintiffs commenced this action after the FCC ruled that interexchange carriers (IXCs) that provide so-called "IP-in-the-middle" telephone calls are required to pay access charges. See Order, Petition for Declaratory Ruling that AT&T's Phone-to-Phone IP Telephony Services Are Exempt from Access Charges, 2004 WL 856557, 19 F.C.C.R. 7457 at ¶ 18 (Apr. 21, 2004). The UniPoint defendants filed a motion to dismiss plaintiffs' complaint for failure to state a claim or, in the alternative, in deference to the primary jurisdiction of the FCC. They argued that, under both existing regulations and the AT&T order, only IXCs, and not LCRs, were liable for access charges.

On August 23, 2005, the Court entered an order deferring to the FCC on the issue of whether LCRs such as UniPoint and Transcom are interexchange carriers in the transmission of IP telephony.[3] The Court noted that the plaintiffs' claims required the Court to determine either that the LCRs are IXCs or that access charges may be assessed against entities other than IXCs. "The first is a technical determination far beyond the Court's expertise; the second is a policy determination currently under review by the FCC."

**II. Discussion**

---

[3]On February 7, 2006, the Court entered a stay in Southwestern Bell Telephone L.P. v. Global Crossing Ltd., Case No. 4:04-CV-1573 (CEJ). Plaintiffs have filed a motion to lift the stay in that action as well.

Plaintiffs argue that the FCC's failure to act requires the Court to withdraw the referral to the agency and vacate its stay. The primary jurisdiction doctrine is utilized to coordinate judicial and administrative decision making. Access Telecomm. Southwestern Bell Tel. Co., 137 F.3d 605, 608 (8th Cir. 1998). The doctrine "applies where enforcement of a claim originally cognizable in a court requires the resolution of issues which, under a regulatory scheme, have been placed within the special expertise and competence of an administrative agency." Southwestern Bell Tel. Co. v. Allnet Comm. Servs., Inc., 789 F.Supp. 302, 304 (E.D. Mo. 1992). The purposes of the doctrine are to: (1) ensure desirable uniformity in determinations of certain administrative questions, and (2) promote resort to agency experience and expertise where the court is presented with a question outside its conventional expertise. United States v. Western Pac. R.R. Co., 352 U.S. 59, 63-64 (1956). "[T]he goal of national uniformity in the interpretation and application of a federal regulatory regime is furthered by permitting the agency that has primary jurisdiction over the matter in question to have a first look at the problem." American Auto. Mfrs. Ass'n v. Massachusetts Dep't of Envtl. Prot, 163 F.3d 74, 81 (1st Cir. 1998).

In the time since the Court first referred this matter to the FCC, the agency has continued to receive comments on intercarrier compensation issues and IP-enabled services. See In the Matter of

IP-Enabled Services, WC Docket No. 04-36[4]; AT&T Petition for Declaratory Ruling That UniPoint Enhanced Services, Inc. d/b/a PointIne and Other Wholesale Transmission Providers Are Liable for Access Charges, WC Docket No. 05-276[5]. And, the FCC has indicated that it intends to address comprehensive reform in the near future. See In re Core Communications, Inc., 531 F.3d 849, 861 (D.C. Cir. 2008) (noting that FCC Chairman intends to achieve comprehensive reform within six months).

After careful consideration of the parties' arguments, the Court concludes that all of the reasons for deferring to the primary jurisdiction of the FCC remain in place at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to vacate stay [Doc. #109] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2008.

---

[4]Available at http://fjallfoss.fcc.gov/cgi-bin/websql/prod/ecfs/comsrch_v2.hts?ws_mode=retrieve_list&id_proceeding=04-36&start=1&end=1527&first_time=N.

[5]Available at http://gullfoss2.fcc.gov/cgi-bin/websql/prod/ecfs/comsrch_v2.hts?ws_mode=retrieve_list&id_proceeding=05-276&start=1&end=11&first_time=N.